CIVIL ACTION NO.: _____

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**LAWRENCE J. GERRANS,**

Plaintiff,

v.

**Case: 1:26-cv-00170**
**Assigned To : AliKhan, Loren L.**
**Assign. Date : 1/16/2026**
**Description: Pro Se Gen. Civ. (F-DECK)**

## UNITED STATES DEPARTMENT OF JUSTICE;

## EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS;

## OFFICE OF PROFESSIONAL RESPONSIBILITY;

## OFFICE OF THE INSPECTOR GENERAL,

## U.S. DEPARTMENT OF JUSTICE;

## FEDERAL BUREAU OF INVESTIGATION;

**and JOHN & JANE DOES 1–50, in their official capacities,**
Defendants.

**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**(Administrative Procedure Act, 5 U.S.C. §§ 701–706)**

RECEIVED
Mailroom

JAN 16 2026

Angela D. Caesar, Clerk of Clerk
U.S. District Court District of Columbia

LAWRENCE J. GERRANS
Plaintiff
4000 South Lake Mary Road, #320
Flagstaff, AZ. 86005
(928) 622-1140

## I. INTRODUCTION

1. This is a civil action for judicial review of unlawful federal agency action and agency action unlawfully withheld under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706.

2. Plaintiff does not seek release from custody, vacatur of conviction, dismissal of indictment, resentencing, or any relief cognizable solely in habeas corpus. Matters relating to the criminal judgment are proceeding, if at all, pursuant to 28 U.S.C. § 2255 in a separate forum.

3. Plaintiff seeks only declaratory, injunctive, and corrective administrative relief authorized by the APA to restrain and remedy executive-branch conduct that: (a) exceeded statutory authority; (b) violated mandatory procedural safeguards; (c) undermined constitutional separation of powers; and (d) continues to inflict independent and ongoing harm.

4. This action challenges whether federal executive agencies may lawfully: (a) initiate federal criminal process without statutory predicate; (b) access magistrate and grand jury forums without compliance with governing law; (c) criminalize conduct governed exclusively by state corporate law; (d) suppress exculpatory material and tolerate false testimony as a matter of agency practice; and (e) refuse to correct such conduct through mandatory oversight mechanisms.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. § 1331.

2

6. This action is authorized by the APA, 5 U.S.C. §§ 701–706. Sovereign immunity is waived by 5 U.S.C. § 702.

7. This Court is empowered under 5 U.S.C. § 706 to compel agency action unlawfully withheld and to hold unlawful and set aside agency action that is arbitrary, capricious, unconstitutional, ultra vires, or taken without observance of procedure required by law.

8. Venue is proper in this District under 28 U.S.C. § 1391(e).

## III. PARTIES

9. Plaintiff Lawrence J. Gerrans is a United States citizen and former founder, chief executive officer, and director of Sanovas, Inc., a privately held Delaware corporation operating in California.

10. Defendant United States Department of Justice ("DOJ") is an executive agency within the meaning of 5 U.S.C. § 551.

11. Defendant Executive Office for United States Attorneys ("EOUSA") establishes and enforces prosecutorial policy and supervision.

12. Defendant Office of Professional Responsibility ("OPR") investigates allegations of prosecutorial misconduct.

13. Defendant Office of the Inspector General ("OIG") provides independent oversight of DOJ programs and personnel.

14. Defendant Federal Bureau of Investigation ("FBI") conducted the investigation challenged herein.

3

15. Defendants John and Jane Does 1–50 are federal officers responsible for the acts and omissions alleged, sued in their official capacities for prospective relief.

## IV. NATURE OF THE ACTION

16. This action arises from a profound breakdown in constitutional governance in which executive agencies manufactured a criminal controversy in the absence of statutory authority, accessed judicial forums without lawful predicate, and then insulated their conduct from review through institutional refusal and ratification.

17. The APA exists precisely to prevent such executive lawlessness and to restore the separation of powers when internal agency incentives defeat correction.

18. Plaintiff does not ask this Court to revisit a criminal judgment. Plaintiff asks the Court to determine whether executive agencies may lawfully do what they did—and continue to do—without statutory authority or judicial check.

## V. STATEMENT OF THE CASE

### A. Statutory Limits on Federal Criminal Initiation

19. Congress has limited federal criminal initiation to cases involving an "offense against the United States." 18 U.S.C. § 3041.

20. The Federal Rules of Criminal Procedure implement this limitation by requiring sworn complaints, lawful probable-cause determinations, and judicial gatekeeping before criminal process may issue. Fed. R. Crim. P. 1–6, 9, 18.

4

21. These requirements are structural safeguards designed to prevent executive manufacture of jurisdiction.

## B. Manufacture of a Federal "Case" Without Statutory Predicate

22. Plaintiff owned and managed a private, non-public Delaware corporation over which the federal government possessed no regulatory, proprietary, or sovereign interest.

23. Defendants nevertheless initiated federal criminal process premised on internal corporate governance decisions governed exclusively by Delaware law.

24. Such matters do not constitute "offenses against the United States" and could not lawfully trigger federal criminal jurisdiction.

## C. Trespass into Judicial Forums and Suppression of Gatekeeping

25. Defendants accessed magistrate and grand jury forums without compliance with mandatory statutory and procedural prerequisites.

26. This deprived courts of their constitutional gatekeeping role and converted judicial process into an instrument of executive will.

## D. Suppression, False Testimony, and Agency Ratification

27. Defendants suppressed exculpatory material, tolerated false testimony, and failed to correct known falsity.

28. When formally notified, DOJ oversight components refused to act, thereby ratifying the misconduct and allowing it to persist as agency practice.

## E. Ongoing Administrative Harm

29. Defendants' actions continue to impose reputational, professional, and legal harm through uncorrected agency records and policies, independent of Plaintiff's custody status.

## VI. CLAIMS AND VIOLATIONS

### Preliminary Statement

30. Each of the following Claims (A–O) challenges agency action and/or agency action unlawfully withheld within the meaning of 5 U.S.C. §§ 551, 704, and 706.

31. Plaintiff seeks only declaratory, injunctive, and corrective administrative relief authorized by the APA.

### A. Ultra Vires Initiation of Federal Criminal Process (5 U.S.C. § 706(2)(C))

32. Defendants initiated federal criminal process absent any cognizable "offense against the United States," thereby acting in excess of statutory jurisdiction, authority, and limitations cognizable under 5 U.S.C. § 706(2)(C).

### B. Illicit Charging Scheme to Manufacture Jurisdiction (5 U.S.C. §§ 706(2)(A), (B), (C))

33. Defendants employed indictment and related charging instruments as a jurisdiction-creating and coercive mechanism rather than as the lawful culmination of a statutorily grounded investigation.

34. Defendants' conduct was not an isolated charging decision, but reflected a coordinated and repeatable agency practice whereby indictment was employed as an initial jurisdiction-creating device, rather than as the lawful culmination of a statutorily grounded investigation. This practice operated as a de facto policy mechanism to obtain judicial leverage, freeze assets, and coerce outcomes in the absence of a lawful federal predicate.

## C. Unlawful Trespass into Magistrate and Grand Jury Forums (5 U.S.C. §§ 706(2)(C), (D))

35. Defendants accessed magistrate and grand jury forums without compliance with mandatory statutory and rule-based prerequisites, including the foundational gatekeeping safeguards reflected in 18 U.S.C. § 3041 governing Fed. R. Crim. P. 1–6 and 9.

36. The unlawful access to magistrate and grand jury forums described herein was undertaken pursuant to institutional FBI and DOJ investigative practices, not inadvertent procedural error. Defendants systematically bypassed sworn-complaint and gatekeeping requirements as a matter of agency custom, thereby disabling judicial oversight and converting constitutionally mandated safeguards into nullities.

## D. Executive Usurpation of Article III Gatekeeping (5 U.S.C. § 706(2)(B))

37. Defendants disabled judicial supervision and gatekeeping by presenting manufactured controversies for adjudication in a manner contrary to constitutional structure, actionable under 5 U.S.C. § 706(2)(B).

## E. Fraud Upon the Court as Agency Practice (5 U.S.C. §§ 706(2)(A), (D))

7

38. Defendants misrepresented material facts and concealed jurisdictional defects from judicial officers as a matter of agency conduct, rendering resulting agency actions arbitrary and capricious and taken without observance of procedure required by law.

**F. Suppression of Exculpatory Material (5 U.S.C. §§ 706(2)(A), (B), (D))**

39. Defendants suppressed material exculpatory evidence and ratified that conduct through inaction after notice, constituting agency action that is arbitrary, contrary to constitutional right, and without observance of required procedure.

**G. Use of False Testimony with Agency Knowledge (5 U.S.C. §§ 706(2)(A), (B))**

40. Defendants knowingly permitted false or misleading testimony to stand uncorrected and later refused to remedy the resulting agency wrongs, constituting arbitrary and unconstitutional agency action.

**H. Criminalization of Lawful Delaware Corporate Governance (5 U.S.C. §§ 706(2)(A), (C))**

41. Defendants criminalized conduct expressly governed and permitted by Delaware corporate law, exceeding federal statutory authority and acting arbitrarily in disregard of controlling corporate-law principles.

**I. Reliance on Invalid "Right-to-Control" Theories (5 U.S.C. §§ 706(2)(A), (C))**

42. Defendants relied on legally foreclosed governance-as-fraud theories, an arbitrary and capricious and ultra vires application of federal enforcement authority.

**J. Abuse of Indictment to Freeze and Seize Assets (5 U.S.C. §§ 706(2)(A), (B))**

8

43. Defendants used indictment and related process as a regulatory weapon to deprive Plaintiff of property and business interests without lawful adjudication, constituting arbitrary agency action and a violation of due process.

## K. Denial of Meaningful Access to Courts (5 U.S.C. § 706(2)(B))

44. Defendants' conduct corrupted access to neutral judicial review by disabling the judiciary's gatekeeping function and contaminating processes by which courts receive lawful predicates and truthful facts, contrary to constitutional right.

## L. Failure to Observe Mandatory Federal Rules (5 U.S.C. § 706(2)(D))

45. Defendants systematically disregarded binding Federal Rules of Criminal Procedure governing initiation and supervision of criminal process, thereby acting without observance of procedure required by law.

## M. Failure of DOJ Supervision (5 U.S.C. § 706(1); 28 U.S.C. §§ 519, 547)

46. DOJ officials failed to perform mandatory supervisory duties despite formal notice of systemic misconduct, constituting agency action unlawfully withheld reviewable under 5 U.S.C. § 706(1).

## N. Ratification Through Final Agency Denials (5 U.S.C. §§ 706(2)(A), (B))

47. OPR, OIG, and EOUSA issued final determinations, denials, or refusals that ratified unlawful conduct, ignored material evidence, and foreclosed corrective relief, constituting arbitrary and unconstitutional final agency action subject to vacatur.

## O. Ongoing and Prospective Administrative Harm (5 U.S.C. §§ 706(1), (2))

9

48. Defendants' conduct continues to cause ongoing administrative harm through uncorrected agency records and practices, requiring prospective declaratory and injunctive relief to prevent recurrence and to compel corrective agency action.

## VII. PRAYER FOR RELIEF

49. WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and grant the following relief to the full extent authorized by the Administrative Procedure Act, 5 U.S.C. §§ 701–706:

A. Declare Defendants' conduct unlawful under 5 U.S.C. § 706, including that Defendants' actions and omissions challenged in Claims A through O constitute (i) agency action in excess of statutory jurisdiction or authority (§ 706(2)(C)); (ii) arbitrary and capricious agency action (§ 706(2)(A)); (iii) agency action contrary to constitutional right (§ 706(2)(B)); and/or (iv) agency action taken without observance of procedure required by law (§ 706(2)(D));

B. Set aside and vacate unlawful final agency actions, denials, refusals, and ratifications challenged in Claims N and O;

C. Compel agency action unlawfully withheld pursuant to 5 U.S.C. § 706(1), including performance of mandatory supervisory and oversight duties described in Claim M;

D. Enjoin ongoing and future unlawful practices described in Claims A through O, including the institutional practices described in Claims B and C;

E. Order corrective administrative action concerning unlawful agency records and practices giving rise to ongoing harm described in Claim O, and order preservation of records material to this action;

F. Award Plaintiff his costs as permitted by law; and

G. Grant such other and further relief as the Court deems just and proper.

50. Express Limitation of Relief: Plaintiff expressly disclaims any request for release from custody or vacatur of criminal judgment in this action.

## VIII. VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct. [28 USC 1746]

Executed this 12th day of January, 2026.

Respectfully submitted,

LAWRENCE J. GERRANS

Plaintiff, Pro Se